UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------
IN RE:                            )         CHAPTER 13
                                  )
MICHAEL CARMEN ZOPPO and          )
MARY ELLEN ZOPPO,                 )         CASE NO. 08-21418 (ASD)
                                  )
        Debtors.                  )         RE: DOC. I.D. NO. 34
-------------------------------------------
```

# MEMORANDUM ORDER ON MOTION TO DETERMINE STATUS OF CLAIMS

## I. INTRODUCTION

Through the above-captioned Motion to Determine Secured Status (hereafter, the "Motion"), Doc. I.D. No. 34, Middlebury Equity Partners, LLC (hereafter, the "Movant") seeks pursuant to Bankruptcy Code 506(a) a determination that it is a secured creditor with a mortgage encumbering the Debtors' residence. The Motion came before the Court for a hearing (hereafter, the "Hearing") after due notice on March 25, 2009, at which the Court heard arguments of counsel. Having now reviewed certain stipulated evidence, see Stipulation of Undisputed Facts, Doc. I.D. No. 45, memoranda submitted in support of and in opposition to the Motion, other relevant files and records of this case, and having considered the arguments made at the Hearing, and for the reasons stated hereafter, the Court hereby finds and concludes the Movant to be a secured creditor as requested.

## II. Background

The following relevant facts attending this matter are straightforward, stipulated and undisputed. The Debtors are owners of and reside at 165 Oakland Street, Bristol, Connecticut (hereafter, the "Residence"). On July 23, 2001, the Debtors granted a Open-End Mortgage Deed (hereafter, the "Mortgage") encumbering the Residence and a second

property located at 250 Terryville Avenue, Bristol, Connecticut (hereafter, the "Terryville Property") to InterBay Funding LLC. The Mortgage, duly recorded on the Bristol Land Records, was subsequently assigned first to First Union National Bank and then to the Movant, with the assignments recorded on the Bristol Land Records.

On May 10, 2006, the Debtors sold the Terryville Property to bone fide purchasers for value. Incident to the Terryville Property sale the Movant granted a Release (hereafter, the "Release "), which was recorded on the sale date on the Bristol Land Records. The Release states in relevant part:

> **THAT MIDDLEBURY EQUITY PARTNERS, LLC** of the State of New Hampshire, does hereby release and discharge a certain Mortgage *on property located at 250 Terryville Avenue, Bristol, CT* from **Michael Zoppo and Mary Ellen Zoppo to Interbay Funding, LLC** dated July 23, 2001, and recorded July 24, 2001, in Volume 1374 at Page 852 of the Bristol Land Records, which was assigned to First Union National Bank by instrument dated July 25, 2001, and recorded August 6, 2002, in Volume 1434 at Page 790 of the Bristol Land Records, and was further assigned to Middlebury Equities Partners, LLC by instrument dated July 8, 2003 and recorded October 13, 2004, in Volume 1587 at Page 362 also intending to hereby release a certain Correction of Assignment to Middlebury Equities Partners, LLC by instrument dated July 8, 2003 and recorded August 29, 2005 in Volume 1617 at Page 1221 of the Bristol Land Records . . . .

(Italicized emphasis added).

### III. DISCUSSION

The issue before the Court is a simple as the facts. The Debtors contend that the Release released the Mortgage on the Terryville Property *and* the Residence. The Movant contends the Release was a partial release, that is, it effected a release as to the Terryville Property but not the Residence.

The starting point for the analysis which governs this matter begins with an

2

examination of the face of the Release. See In Re Johnson, 2007 WL2076030 at *2 (N.D. Ill. July 12, 2007) (holding that in determining validity of a mortgage release "[t]he bankruptcy judge is correct that the first focus of attention is the face of the document in question"). The facial language of the Release provides clear notice that it relates to "a Mortgage on property located at 250 Terryville Avenue, Bristol, CT" – the Terryville Property. The absence of additional language such as "the remainder of the mortgage shall remain in full force and effect", see Reply Memorandum in Opposition, page 3, Doc. I.D. No. 54, is not fatal to the Motion as argued by the Debtors, and does not detract from the clarity of the Release as limited to the Terryville Property.

Nor does the controlling state statute, C.G.S. § 49-9(c), provide relief here for the Debtors. To qualify as a valid partial release that statute simply requires "the instrument to state the extent to which the mortgage is partially released and a sufficient definite and certain description of that part of the property securing the mortgage which is being released therefrom." While the Debtors assert, and the Movant concedes, that the Release was not "well-drafted", it is sufficiently clear it was intended to apply only to the Terryville Property, the property specifically identified therein.

## IV. CONCLUSION

For the reasons stated above it is determined that the Movant, Middlebury Equity Partners, LLC, is a secured creditor with a valid Mortgage encumbering the Debtors' Residence. **IT IS SO ORDERED**.

Dated: March 25, 2009                                                                           BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

3