UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| MICHAEL CARMEN ZOPPO and ) | |
| MARY ELLEN ZOPPO, ) | CASE NO. 08-21418 (ASD) |
| ) | |
| Debtors. ) | RE: DOC. I.D. NO. 59 |

---

**MEMORANDUM ORDER ON MOTION TO DETERMINE STATUS OF CLAIMS**

The Debtors, in connection with an appeal [1] (hereafter, the "Appeal") of this Court's March 25, 2009, Memorandum Order on Motion to Determine Status of Claims (hereafter, the "Memorandum Order"), Doc. I.D. No. 55, have filed a Motion for Stay Pending Appeal Pursuant to Bankruptcy Rule 8005 (hereafter, the "Motion for Stay"), Doc. I. D. No. 59. After due notice the Motion for Stay came before the Court for a hearing held this same date (hereafter, the "Hearing").

At the Hearing the Court noted that the Motion for Stay is governed by a multi-factored analysis distilled by the United States Supreme Court in Hilton v. Braunskill, 481 U.S. 770, 776 (1987).[2] Under that analysis, the following factors must be considered:

(1) whether the stay applicant has made a strong showing that he is likely to

---

[1] The Debtor's Plaintiff filed a *Notice of Appeal* on April 2, 2009. Doc. I.D. No. 57.

[2] The Court is also mindful of the four part test (hereafter "the Hirschfeld standard") articulated by a number of panels in the United States Court of Appeals for the Second Circuit, and subordinate Courts therein.) *See, e.g.,* Cooper v. Town of East Hampton, 83 F.3d 31, 36 (2d Cir.1996); LaRouche v. Kezer, 20 F. 3d 68, 72 (2d Cir.1994); Hirschfeld v. Board of Elections, 984 F.3d 35, 39 (2d Cir. 1992); In re Country Squire Assoc. of Carle Place, L.P., 203 B.R. 182, 183 (2d Cir. BAP 1996) ("(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, *(3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal,* and (4) the public interests that may be affected.")(emphasis added). Guided by Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir.1998)(applying Hilton v. Braunskill without modification), the present matter is resolved through application of the precise multi-factor analysis set forth in Hilton v. Braunskill. *See* In re Altman, 230 B.R. 17, 18 (Bankr. D. Conn. 1999). However, Hilton v. Braunskill as interpreted by the Hirschfeld analysis produces the identical result.

succeed on the merits;  (2) *whether the applicant will be irreparably injured absent a stay*;  (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding;  and (4) where the public interest lies.

Id. (emphasis supplied).

After considering the four Hilton v. Braunskill factors, and for reasons stated on the Hearing record, the Court determined that stay relief in this matter was not appropriate. However, in rendering that opinion the Court noted that in the Memorandum Order it viewed, *inter alia*, "[t]he issue before the Court is a simple as the facts", page 2, and that the "facial language of the Release provides clear notice that it relates to "a Mortgage on property located at 250 Terryville Avenue, Bristol, CT" – the Terryville Property", page 3, and further observed that it was a simple issue capable of prompt resolution thereby permitting the Court, as it did, to render a written decision within several hours of the Hearing. Moreover, the Court, for similar reasons, assumed that the District Court would render a prompt ruling on the Appeal. See Rodriguez v. DeBuono, 162 F.3d 56, 62 (2d Cir.1998)(noting a District Court determination that the celerity of appellate review could be part of the injury calculus). The Court then took the matter under advisement to determine whether denial of the Motion for Stay was appropriate absent an assumption of a prompt appellate determination.

Having further considered the matter, without regard to whether an appellate determination can be obtained quickly, the Court remains of the opinion that stay relief is not warranted, in accordance with which:

**IT IS HEREBY ORDERED** that the Motion for Stay, Doc. I.D. No. 59, is **DENIED**.

Dated: April 30, 2009                                                       BY THE COURT


Albert S. Dabrowski
Chief United States Bankruptcy Judge